| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **EMD Services, Inc.** |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number (if known) | 23-06798 |

☐ Check if this is an amended filing

Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11     02/20

**EMD Services, Inc.** 's Plan of Reorganization, Dated **October 20, 2023**

**Background for Cases Filed Under Subchapter V**

**A. Description and History of the Debtor's Business**

The Debtor is an Illinois Corporation. Since 2017, Debtor has been in the business of interstate trucking. In early 2023, the trucking industry experienced a downturn and Debtor used any cash reserves to cover a cash flow shortage but this eventually led to inability to remain current on payments on their equipment loans and potential repossession of the equipment by the secured lenders. The Chapter 11 filing has enabled Debtor to continue using their equipment and to return to focusing on their interstate trucking business.

**B. Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit **1**.

**C. Ability to make future plan payments and operate without further reorganization**

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

The Plan Proponent has provided projected financial information as Exhibit **2**.

The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $ **2,500.00**.

The final Plan payment is expected to be paid on **October 15, 2026**.

The Debtor has used the following information and assumptions in preparing the projections:

I. The Debtor has assumed that its monthly income will increase slightly going forward as it has made certain changes to increase income, including but not limited to, taking on LTL business and repairing other companies equipment in their repair shop. The basis of the income is from an analysis of income from 2019 to the petition date using tax documents, bank statements and in-house financial documents. The Debtor is not projecting a large increase due to the uncertainty in the trucking industry at this time and for the forseeable future.

**Article 1: Summary**

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of **EMD Services, Inc.** (the *Debtor*) from [Specify sources of payment, such as an infusion of capital, loan proceeds, sale of assets, cash flow from operations, or future income].

This Plan provides for:   **0**   classes of priority claims;

**12**   classes of secured claims;

**1**   classes of non-priority unsecured claims; and

**1**   classes of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately **14** cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

**Article 2: Classification of Claims and Interests**

| 2.01 | Class 1 | The claim of Allstate Express of IL, Inc. to the extent allowed as a secured claim under § 506 of the Code. |
|---|---|---|
| 2.02 | Class 2 | The claim of Ally Financial to the extent allowed as a secured claim under § 506 of the Code. |
| 2.03 | Class 3 | The claim of Amur Equipment Finance to the extent allowed as a secured claim under § 506 of the Code. |
| 2.04 | Class 4 | The claim of Arvest to the extent allowed as a secured claim under § 506 of the Code. |

Debtor **EMD Services, Inc.** Case number (*if known*) **23-06798**
Name

| | | |
|---|---|---|
| 2.05 | **Class 5** | The claim of Auxilior to the extent allowed as a secured claim under § 506 of the Code. |
| 2.06 | **Class 6** | The claim of Banterra Bank to the extent allowed as a secured claim under § 506 of the Code. |
| 2.07 | **Class 7** | The claim of Flagstar Bank to the extent allowed as a secured claim under § 506 of the Code. |
| 2.08 | **Class 8** | The claim of Huntington to the extent allowed as a secured claim under § 506 of the Code. |
| 2.09 | **Class 9** | The claim of Navitas to the extent allowed as a secured claim under § 506 of the Code. |
| 2.10 | **Class 10** | The claim of PNC Bank to the extent allowed as a secured claim under § 506 of the Code. |
| 2.11 | **Class 11** | The claim of Siemens Financial Services to the extent allowed as a secured claim under § 506 of the Code. |
| 2.12 | **Class 12** | The claim of TAB Bank to the extent allowed as a secured claim under § 506 of the Code. |
| 2.13 | **Class 13** | Non-priority unsecured creditors |
| 2.14 | **Class 14** | Equity interests of the Debtor. |

## Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| | | |
|---|---|---|
| 3.01 | **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims and priority tax claims are not in classes. |
| 3.02 | **Administrative expense claims** | Each holder of an administrative expense claim allowed under § 503 of the Code, will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. |
| | | In addition, to the extent administrative claims remain unpaid, administrative claims shall be paid from the Debtor's disposable income as defined in Section 1191(d) determined on a quarterly basis, based on the disposable income generated, if any, during the preceding quarter. |
| 3.03 | **Priority tax claims** | Each holder of a priority tax claim, if any, are determined to be Allowed Claims, will be paid in full, through monthly payments over a period not exceeding five (5) years from the Petition, with payments commencing on the fifteenth day of the first full month following the Effective Date, with interest at the statutory rate, currently 5% per annum. |
| 3.04 | **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |
| 3.05 | **Prospective quarterly fees** | All quarterly fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |

## Article 4: Treatment of Claims and Interests Under the Plan

4.01 **Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| **Class 1 - Secured claim of Allstate of Express of IL, Inc.** | ☑ Impaired<br>☐ Unimpaired | Allstate Express of IL, Inc. has 1 secured claim against Debtor. No proof of claim has been filed. |
| | | The obligation shall be treated as a secured obligation in the amount of $150,170.68, less the sum of adequate protection payments made as of the Effective Date of the plan and represents the fair market value of the collateral securing the claim. If lender disputes the value of the collateral stated above, it must timely file an objection to confirmation, or the value stated by the Debtor will determined to be the value of the collateral. This balance shall be amortized over 3.0 years with interest at 5.25% per annum. The Debtor will make monthly payments at $4,828.40 commencing on the fifteenth day of the first full month following the Effective Date and thereafter due on the fifteenth day of the month, with final payment of the outstanding principal and interest owed due with the last monthly payment. |
| **Class 2 – Secured claim of Ally Financial** | ☑ Impaired<br>☐ Unimpaired | Ally Financial has 1 secured claim against Debtor. Claim #3. [ |
| | | The obligation shall be treated as a secured obligation in the amount of $49,774.83, less the sum of adequate protection payments made as of the Effective Date of the plan and represents the fair market value of the collateral securing the claim. If lender disputes the value of the collateral stated above, it must timely file an objection to confirmation, or the |

| Debtor | **EMD Services, Inc.** | | Case number (*if known*) **23-06798** |
|---|---|---|---|
| | Name | | |

| | | | value stated by the Debtor will determined to be the value of the collateral. This balance shall be amortized over 3.0 years with interest at 5.25% per annum. The Debtor will make monthly payments at $1,600.40 commencing on the fifteenth day of the first full month following the Effective Date and thereafter due on the fifteenth day of the month, with final payment of the outstanding principal and interest owed due with the last monthly payment. |
|---|---|---|---|
| | **Class 3– Secured claim of Amur Equipment Finance** | ☑ Impaired<br>☐ Unimpaired | Amur Equipment Finance has 2 secured claims against Debtor. |
| | | | Note 1 - Claim #10 - The obligation shall be treated as a secured obligation in the amount of $111,847.17, less the sum of adequate protection payments made as of the Effective Date of the plan and represents the fair market value of the collateral securing the claim. If lender disputes the value of the collateral stated above, it must timely file an objection to confirmation, or the value stated by the Debtor will determined to be the value of the collateral. This balance shall be amortized over 3.0 years with interest at 5.25% per annum. The Debtor will make monthly payments at $3,596.20 commencing on the fifteenth day of the first full month following the Effective Date and thereafter due on the fifteenth day of the month, with final payment of the outstanding principal and interest owed due with the last monthly payment. |
| | | | Note 2 - Claim #11 - The obligation shall be treated as a secured obligation in the amount of $50,000.00, less the sum of adequate protection payments made as of the Effective Date of the plan and represents the fair market value of the collateral securing the claim. If lender disputes the value of the collateral stated above, it must timely file an objection to confirmation, or the value stated by the Debtor will determined to be the value of the collateral. This balance shall be amortized over 3.0 years with interest at 5.25% per annum. The Debtor will make monthly payments at $1,607.64 commencing on the fifteenth day of the first full month following the Effective Date and thereafter due on the fifteenth day of the month, with final payment of the outstanding principal and interest owed due with the last monthly payment. |
| | | | Amur Equipment Finance shall have a non-priority unsecured claim in the amount of $16,122,77 which shall be treated in Class 13. |
| | **Class 4 – Secured claim of Arvest** | ☑ Impaired<br>☐ Unimpaired | Arvest has 1 secured claim against Debtor. No proof of claim has been filed. |
| | | | The obligation shall be treated as a secured obligation in the amount of $402,000.00, less the sum of adequate protection payments made as of the Effective Date of the plan and represents the fair market value of the collateral securing the claim. If lender disputes the value of the collateral stated above, it must timely file an objection to confirmation, or the value stated by the Debtor will determined to be the value of the collateral. This balance shall be amortized over 3.0 years with interest at 5.25% per annum. The Debtor will make monthly payments at $12,861.11 commencing on the fifteenth day of the first full month following the Effective Date and thereafter due on the fifteenth day of the month, with final payment of the outstanding principal and interest owed due with the last monthly payment. |
| | | | Arvest shall have a non-priority unsecured claim in the amount of $84,625.56 which shall be treated in Class 13. |

Debtor  **EMD Services, Inc.**                                                                          Case number (*if known*) **23-06798**
      Name

| | | |
|---|---|---|
| **Class 5 – Secured claim of Auxilior** | ☑ Impaired<br>☐ Unimpaired | Auxilior has 1 secured claim against Debtor. Claim #2 and duplicate Claim #14. |
| | | The obligation shall be treated as a secured obligation in the amount of $160,000.00, less the sum of adequate protection payments made as of the Effective Date of the plan and represents the fair market value of the collateral securing the claim. If lender disputes the value of the collateral stated above, it must timely file an objection to confirmation, or the value stated by the Debtor will determined to be the value of the collateral. This balance shall be amortized over 3.0 years with interest at 5.25% per annum. The Debtor will make monthly payments at $5,144.44 commencing on the fifteenth day of the first full month following the Effective Date and thereafter due on the fifteenth day of the month, with final payment of the outstanding principal and interest owed due with the last monthly payment. |
| | | Auxilior shall have a non-priority unsecured claim in the amount of $63,091.99 which shall be treated in Class 13. |
| **Class 6 – Secured claim of Banterra Bank** | ☑ Impaired<br>☐ Unimpaired | Banterra has 1 secured claim against Debtor. Claim #9. |
| | | The obligation shall be treated as a secured obligation in the amount of $60,000.00, less the sum of adequate protection payments made as of the Effective Date of the plan and represents the fair market value of the collateral securing the claim. If lender disputes the value of the collateral stated above, it must timely file an objection to confirmation, or the value stated by the Debtor will determined to be the value of the collateral. This balance shall be amortized over 3.0 years with interest at 5.25% per annum. The Debtor will make monthly payments at $1,929.17 commencing on the fifteenth day of the first full month following the Effective Date and thereafter due on the fifteenth day of the month, with final payment of the outstanding principal and interest owed due with the last monthly payment. |
| | | Banterra shall have a non-priority unsecured claim in the amount of $47,783.70 which shall be treated in Class 13. |
| **Class 7 – Secured claim of Flagstar** | ☑ Impaired<br>☐ Unimpaired | Flagstar has 1 secured claim against Debtor. Claim #7. |
| | | The obligation shall be treated as a secured obligation in the amount of $220,000.00, less the sum of adequate protection payments made as of the Effective Date of the plan and represents the fair market value of the collateral securing the claim. If lender disputes the value of the collateral stated above, it must timely file an objection to confirmation, or the value stated by the Debtor will determined to be the value of the collateral. This balance shall be amortized over 3.0 years with interest at 5.25% per annum. The Debtor will make monthly payments at $7,073.61 commencing on the fifteenth day of the first full month following the Effective Date and thereafter due on the fifteenth day of the month, with final payment of the outstanding principal and interest owed due with the last monthly payment. |
| | | Flagstar shall have a non-priority unsecured claim in the amount of $93,810.61 which shall be treated in Class 13. |

| | | |
|---|---|---|
| **Class 8 – Secured claim of Huntington** | ☑ Impaired<br>☐ Unimpaired | Huntington has 1 secured claim against Debtor. Claim #1.<br><br>The obligation shall be treated as a secured obligation in the amount of $13,822.89, less the sum of adequate protection payments made as of the Effective Date of the plan and represents the fair market value of the collateral securing the claim. If lender disputes the value of the collateral stated above, it must timely file an objection to confirmation, or the value stated by the Debtor will determined to be the value of the collateral. This balance shall be amortized over 3.0 years with interest at 5.25% per annum. The Debtor will make monthly payments at $444.44 commencing on the fifteenth day of the first full month following the Effective Date and thereafter due on the fifteenth day of the month, with final payment of the outstanding principal and interest owed due with the last monthly payment. |
| **Class 9 – Secured claim of Navitas** | ☑ Impaired<br>☐ Unimpaired | Navitas has 1 secured claim against Debtor. Claim #13.<br><br>The obligation shall be treated as a secured obligation in the amount of $13,750.80, less the sum of adequate protection payments made as of the Effective Date of the plan and represents the fair market value of the collateral securing the claim. If lender disputes the value of the collateral stated above, it must timely file an objection to confirmation, or the value stated by the Debtor will determined to be the value of the collateral. This balance shall be amortized over 3.0 years with interest at 5.25% per annum. The Debtor will make monthly payments at $442.13 commencing on the fifteenth day of the first full month following the Effective Date and thereafter due on the fifteenth day of the month, with final payment of the outstanding principal and interest owed due with the last monthly payment. |
| **Class 10 – Secured claim of PNC Bank** | ☑ Impaired<br>☐ Unimpaired | PNC Bank has 1 secured claim against Debtor. Claim #8.<br><br>The Debtor has surrendered all collateral to PNC Bank. The obligation shall be treated as an unsecured obligation in the amount of $381,067.29, less the sum of adequate protection payments made as of the Effective Date of the plan and any proceeds to PNC Bank from the sale of the collateral.<br><br>PNC Bank shall have a non-priority unsecured claim in the amount of $381,067.29 which shall be treated in Class 13. |
| **Class 11 - Secured Claim of Siemens Financial** | ☑ Impaired<br>☐ Unimpaired | Siemens has 1 secured claim against Debtor. No proof of claim has been filed.<br><br>The obligation shall be treated as a secured obligation in the amount of $210,000.00, less the sum of adequate protection payments made as of the Effective Date of the plan and represents the fair market value of the collateral securing the claim. If lender disputes the value of the collateral stated above, it must timely file an objection to confirmation, or the value stated by the Debtor will determined to be the value of the collateral. This balance shall be amortized over 3.0 years with interest at 5.25% per annum. The Debtor will make monthly payments at $6,752.08 commencing on the fifteenth day of the first full month following the Effective Date and thereafter due on the fifteenth day of the month, with final payment of the outstanding principal and interest owed due with the last monthly payment.<br><br>Siemens shall have a non-priority unsecured claim in the amount of $85,117.05 which shall be treated in Class 13. |

Debtor **EMD Services, Inc.**    Case number (*if known*) **23-06798**
Name

| | | | |
|---|---|---|---|
| | **Class 12 - Secured Claim of TAB Bank** | ☑ Impaired<br>☐ Unimpaired | TAB Bank has 2 secured claims against Debtor.<br><br>Note 1 - Claim #4 - The obligation shall be treated as a secured obligation in the amount of $193,000.31, less the sum of adequate protection payments made as of the Effective Date of the plan and represents the fair market value of the collateral securing the claim. If lender disputes the value of the collateral stated above, it must timely file an objection to confirmation, or the value stated by the Debtor will determined to be the value of the collateral. This balance shall be amortized over 3.0 years with interest at 5.25% per annum. The Debtor will make monthly payments at $6,205.50 commencing on the fifteenth day of the first full month following the Effective Date and thereafter due on the fifteenth day of the month, with final payment of the outstanding principal and interest owed due with the last monthly payment.<br><br>Note 2 - Claim #5 - The obligation shall be treated as a secured obligation in the amount of $47,719.34, less the sum of adequate protection payments made as of the Effective Date of the plan and represents the fair market value of the collateral securing the claim. If lender disputes the value of the collateral stated above, it must timely file an objection to confirmation, or the value stated by the Debtor will determined to be the value of the collateral. This balance shall be amortized over 3.0 years with interest at 5.25% per annum. The Debtor will make monthly payments at $1,534.31 commencing on the fifteenth day of the first full month following the Effective Date and thereafter due on the fifteenth day of the month, with final payment of the outstanding principal and interest owed due with the last monthly payment. |
| | **Class 13 – Non-priority unsecured creditors** | ☑ Impaired<br>☐ Unimpaired | Claims in this class will receive the projected disposable income of the Debtor *pro rata* within the class for a period of three years, estimated at $2,500.00 monthly remaining after any outstanding administrative claims are paid from the disposable income. Disposable income, as defined in Section 1191(d), shall be determined on a quarterly basis, based on the disposable income generated, if any, during the preceding quarter. Payments made to this class 13 will be made on a quarterly basis and not monthly. |
| | **Class 14 - Equity security holders of the Debtor** | ☐ Impaired<br>☑ Unimpaired | Equity security holders shall retain their interests in the Debtor as they existed on the Petition Date. |

### Article 5: Allowance and Disallowance of Claims

| | | |
|---|---|---|
| 5.01 | **Disputed Claim** | A *disputed claim* is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either:<br><br>(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or<br><br>(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated and has not included it by name in a class of its own. |
| 5.02 | **Delay of distribution on a disputed claim** | No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order unless Debtor has included such claim by name in a class of its own. |
| 5.03 | **Settlement of disputed claims** | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |

### Article 6: Provisions for Executory Contracts and Unexpired Leases

| Debtor | EMD Services, Inc. | Case number (*if known*) 23-06798 |
|---|---|---|
| | Name | |

| 6.01 | **Assumed executory contracts and unexpired leases** | (a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date: None. |
|---|---|---|
| | | (b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date. |
| | | A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan. |

### Article 7: Means for Implementation of the Plan

| 7.01 | **Continuance of Business Operations and Authority of Reorganized Debtor** | The Debtor shall continue is business operations, which shall be the primary source of funds for payments required by this Plan that are to be made by the Debtor over time. After the Effective Date, the Debtor may operate the business and use, acquire, sell, transfer, convey, or dispose of property without supervision by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, other than those restrictions expressly imposed by the Plan and the Confirmation Order. Specifically, the Reorganized Debtor shall no longer need approval from the Bankruptcy Court, or any trustee, in order to undertake any transaction for which Court approval was needed pursuant to Sections 363 or 364 of the Bankruptcy Code prior to the effective date, including but not limited to sales of real or personal property. |
|---|---|---|
| 7.02 | **Distributions to Creditors** | Distributions to creditors shall be made by the Debtor according to the terms of the plan including those classes confirmed under Section 1191(b). |
| 7.03 | **Pro Rata Distributions** | Whenever the Plan calls for distributions to be made to claims within a class *pro rata*, no distributions shall be made to creditors within such class until (i) the deadline for filing objections to claims within such class has passed; (ii) all objections to claims in the class have been resolved by a Final Order; (iii) the deadline for creditors to file requests for attorney's fees has passed and all applications have been resolved by a Final Order; and (iv) in the case of any non-priority claims, the deadline for filing deficiency claims and claims arising from the rejection of executory contracts and unexpired leases has passed. |
| 7.04 | **Returned or Unclaimed Payments** | Unless otherwise notified in writing, the Debtor or Trustee as applicable, shall make distributions under this Plan to creditors at (i) the address listed in such creditor's Proof of Claim filed with the court; or (ii) at the address listed on the Debtor's Schedules for such creditor. In the event any payment made to a creditor remains unclaimed or any check remains uncashed for a period of ninety (90) days or any payment is returned as not deliverable due to an insufficient address, the Debtor or Trustee shall be entitled to void such check or stop payment on such check. In the event of any returned payment or uncashed payment, the Debtor or Trustee shall make a good faith attempt to locate the recipient, but if such attempt fails, then the Debtor or Trustee shall not attempt to make any further distributions toward such claimant, and such claimant shall not be entitled to any future distributions under the Plan. Instead, such funds shall be distributed to the remaining creditors according to the manner set forth for distributions under this Plan and such creditor shall be treated as if their claim had been disallowed in this case. |
| 7.05 | **Penalties, Late Charges and Attorney's Fees** | Except as expressly stated in the Plan, or allowed by a Final Order of the Court, no interest, penalty, or late charge shall be allowed on any claim subsequent to the Petition Date. No attorney's fees or expenses shall be paid with respect to any secured or unsecured claim unless those attorney's fees or expenses have been allowed by a Final Order of the Court |
| 7.06 | **Plan Default Remedies** | All payments required under the Plan shall be subject to the following default and cure and provisions: (i) the Debtor shall have sixty(60) days from written notice of default to cure any alleged payment or non-monetary default; and if the Debtor fails to cure any such Plan obligation within the cure period, the affected creditor shall be permitted to move the court to allow it exercise all collection rights under applicable state law with respect to its claim; for the liquidation of nonexempt assets of the Debtor and for 7.02 above to be modified to provide that distributions to creditors going forward be made by the Subchapter V Trustee and not the Debtor. |
| 7.07 | **Application of Plan Payments** | Confirmation of the Plan shall have the effect of decelerating, and treat as a current, non-default loan as of the Effective Date in the amount owed as of the Effective Date as calculated in the respective treatment for each creditor. All payments made by the Debtor under this Plan shall be applied as indicated in the respective treatment for each creditor as between principal and interest, or if no such application of payments is specified, then payments shall be applied first to accrued interest and then to principal on a monthly basis according to the claim balance and amortization schedule proposed for each such creditor. Confirmation of the Plan shall impose an affirmative duty and legal obligation on the holders and/or servicers of any claims secured by liens, mortgagees, and/or deeds of trust to apply payments in the manner set forth in the Plan and in accordance with Section 524(i) of the Code, which is expressly incorporated herein. Confirmation of the Plan shall not relieve secured creditors of any stricter duties they may have under applicable state or federal law regarding the application of payments received from the Debtor regarding the timing of application of Plan payments. |
| 7.08 | **Deadline and Procedure for Deficiency Claims** | Any secured creditor asserting a deficiency claim that has not been allowed by the Court pursuant to a separate Order or specifically established in this Plan, shall file a proof of claim within thirty (30) days after the determination that such deficiency claim exists, including an itemization of the principal, interest, and other costs, or be forever barred from asserting any deficiency claim and such obligation shall be deemed paid in full. In the event the Debtor obtains its Final Decree prior to the determination of any deficiency claim, such secured creditor shall inform the Debtor of any such deficiency claim within the same time period. In such event, a proof of claim form shall not be required, but the secured creditor shall provide notice of such deficiency claim to the Debtor in a writing containing the same information required pursuant to Section 501 and Bankruptcy Rule 3001. |

| Debtor | EMD Services, Inc. | Case number (*if known*) 23-06798 |
|---|---|---|
| | Name | |

| 7.09 | **Administrative Claims Bar Date** | The deadline for any party to assert an administrative claim shall be sixty (60) days from the Effective Date (the "Administrative Claims Bar Date"). All administrative claims not previously allowed by the Court by a Final Order must be filed with the Court on or before the Administrative Claims Bar Date and served on counsel for the Debtor and the Trustee. Creditors wishing to assert administrative claims who fail to do so by the Administrative Claims Bar Date shall be forever barred, estopped, and enjoined from asserting such claim(s) against the Debtor. Notwithstanding the forgoing, administrative claims arising from services rendered by professionals approved by the Court pursuant to § 327 of the Bankruptcy Code must comply with the applicable guidelines for filing fee applications and the deadline established in this Plan for the filing of fee applications. Creditors wishing to assert administrative claims must submit proofs of Administrative Claims on or before such Administrative Claim Bar Date or be barred from doing so. A request for an administrative claim must be made by motion (not by filing a proof of claim on Official Form B10) and include an itemization of the amount of the claim, the basis for such claim, and if such claim is based on a writing, a copy of such writing. Any request for an administrative claim not made in accordance with these requirements by the Administrative Claims Bar Date and not Allowed by an Order of the Court hall be forever barred, estopped, and enjoined from asserting such claim(s) against the Debtor and shall not be treated as an administrative claim for purposes of this Plan. |
|---|---|---|
| 7.10 | **Notice After the Effective Date** | Following the Effective Date, the Debtor shall no longer be required to serve or otherwise provide notice of any motions, applications, or other pleadings filed in this case on the following parties (i) any creditor or claimant which has been paid in full in this case and thus is no longer a creditor of the Debtor; (ii) any creditor or claimant which has had their claim disallowed in full by a Final Order; or (iii) any creditor or claimant who has had their claim disallowed as a result of a returned or unclaimed payment in accordance with Article 7.04. |
| 7.11 | **Release of Liens on Vehicles** | Upon the satisfaction or other discharge of a security interest in a motor vehicle, mobile home, or in any other property for which the certificate of title is in the possession of the secured creditor, the secured creditor shall within ten (10) days after demand and, in any event, within thirty (30) days of receipt of the payment in full pursuant to the Plan, execute a release of its security interest on the said title or certificate, in the space provided therefore on the certificate or as the Illinois Secretary of State prescribes, and mail or deliver the certificate and release to the Debtor. Confirmation of this Plan shall impose an affirmative and direct duty on each such Secured Creditor to comply with this provision, which shall be enforced by either the filing of a contested matter or adversary proceeding with the Court prior to,or after, the closing of the Bankruptcy Case. The Debtor specifically reserves the right to reopen the Bankruptcy Case under § 350 to pursue any and all rights and Claims provided for herein. |
| 7.12 | **Management of Debtor** | Following the Effective Date, the Debtor will continue to be managed by Dovile Kandzezauskaite, the President of Debtor. |

### Article 8: General Provisions

| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan. |
|---|---|---|
| 8.02 | **Effective Date** | The Effective Date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding Effect:** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| 8.06 | **Controlling Effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Illinois govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan. |
| 8.07 | **Retention of Jurisdiction** | The Bankruptcy Court shall, after the Effective Date, retain jurisdiction of this case to hear and determine the allowance of claims and all claims against the Debtor pursuant to Section 502 of the Code; to determine the allowance of timely filed claims resulting from the rejection of executory contracts; to determine any issues in pending adversary proceedings, and in adversary proceedings commenced post-confirmation, including, but not limited to, avoidance or turnover actions; to determine any dispute as to the classification or allowance of claims; to fix and determine all pre-confirmation professional fees and other costs of administration; to require the performance of any act contemplated by the provisions of this Plan necessary for the consummation of the Plan; to resolve all the matters as may be set forth in the Order of Confirmation. In the event an appeal is perfected from the Order confirming the Plan, the Bankruptcy Court shall also retain jurisdiction to enter such Orders regarding the disbursement of funds under the Plan or the consummation thereof as may be necessary to protect the interest of the Debtor, its creditors and parties in interest. |

| Debtor | EMD Services, Inc. | Case number (*if known*) | 23-06798 |
|---|---|---|---|
| | Name | | |

### Article 9: Discharge

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

    (i) imposed by this Plan; or

    (ii) to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

    (i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or

    (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

### Article 10: Other Provisions

**10.01 Injunction**

As of the Confirmation Date, except as otherwise provided in the Plan or the Confirmation Order, all persons that have held, currently hold, or may hold a Claim, Equity Interest, or other debt or liability that is treated pursuant to the terms of the Plan or that is otherwise enjoined pursuant to § 1141, are enjoined from taking any of the following actions against the Debtor on account of any such Claims, Equity Interests, debtor or liabilities, other than actions brought to enforce obligations under the Plan: (i) commencing or continuing in any manner any action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting, or enforcing any lien or encumbrance; (iv) asserting a setoff or right of recoupment of any kind against any debt, liability, or obligation; and/or (v) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order. Notwithstanding the foregoing, the Plan does not release or waive any Claims the Debtor may have against any party in interest.

Respectfully submitted,

**X** /s/ Dovile Kandzezauskaite      **Dovile Kandzezauskaite**
[Signature of the Plan Proponent]      [Printed name]

**X** /s/ Saulius Modestas      **Saulius Modestas 6278054**
Attorney for Debtor #      [Printed name]